UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEO E. GREEN,

                              Plaintiff,

                                                              DECISION AND ORDER

                                                               15-CV-6190L

                 v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                                                  Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

On June 22, 2012, plaintiff, then 48 years old, filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since December 24, 2010. (T. 17). His application was initially denied. Plaintiff requested a hearing, which was held on September 10, 2013 via videoconference before Administrative Law Judge ("ALJ") Michael A. Rodriguez. The ALJ issued a decision on November 22, 2013, concluding that plaintiff was not disabled under the Social Security Act. (T. 17-26). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 6, 2015. (T. 1-3). Plaintiff now appeals from that decision.

The plaintiff has moved (Dkt. #10), and the Commissioner has cross moved (Dkt. 15) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c).

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. If the ALJ concludes that the claimant is not engaged in substantial gainful employment and suffers from a severe impairment, he then examines whether the claimant's impairment meets or equals the criteria of those listed in Appendix 1 of Subpart P of Regulation No. 4. If the impairment does so, and has continued for the required duration, the claimant is disabled. If not, analysis proceeds and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f). If the claimant's RFC permits him to perform relevant jobs he has done in the past, he is not disabled. If not, analysis proceeds to the final step, and the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999), *quoting Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986). *See also* 20 CFR §404.1560(c).

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). Nonetheless, "it is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

ALJ Rodriguez's decision recites detailed findings of fact and recites the bases upon which they rest. Upon careful review of the complete record, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by substantial evidence.

In examining plaintiff's impairments and determining plaintiff's RFC, the ALJ summarized plaintiff's medical records, particularly with respect to spinal degeneration with lumbago and cervical radiculitis, carpal tunnel syndrome, obesity and a learning disorder, which he determined together constituted a severe impairment not meeting or equaling a listed impairment. I believe the evidence supports the ALJ's conclusion that plaintiff, then a forty-eight year old man with a high school education, was not totally disabled, due to the ALJ's finding at step four that plaintiff could substantially perform the requirements of light work, whereupon application of the Medical-Vocational Guidelines mandated a finding of "not disabled."

### I.     The Treating Physician Rule

A treating physician's opinion is entitled to controlling weight if it is well-supported by medical findings and not inconsistent with other substantial evidence. *See Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999).   In determining whether to afford controlling weight to the opinion of a treating physician, the ALJ must consider: (1) the examining relationship; (2) the extent of the treatment relationship; (3) medical support for the opinion: (4) consistency between the opinion and other evidence of record; and (5) the physician's specialization, along with any other relevant factors.  29 C.F.R. §404.1527(d)(2).  An ALJ's failure to apply these factors and provide reasons for the weight given to the treating physician's report is reversible error.  *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999); *Schall v. Apfel*, 134 F.3d 496 (2d Cir. 1998).

Plaintiff contends that the ALJ failed to set forth an adequate explanation for his decision not to give controlling weight to the opinions of plaintiff's treating physician's assistant, Martha Yanda ("Yanda"), and plaintiff's treating physician, Dr. Geoffrey Wittig ("Wittig").  Relevant statements include an evaluation completed by Ms. Yanda and cosigned by Dr. Wittig on July 6, 2012 (T. 259-63); an evaluation completed by Ms. Yanda on February 22, 2013 (T. 329-30), and an RFC questionnaire completed by Ms. Yanda on August 23, 2013 (T. 354-57).  The ALJ afforded these opinions "limited weight" (T. 24), noting that although the record indicated that plaintiff had some limitations with respect to walking, standing and lifting, the "mild and normal findings" contained in plaintiff's treatment notes did not support the conclusions reached by Ms. Yanda and Dr. Wittig that plaintiff could sit and stand for no more than 20 minutes at a time, couldn't walk more than a block or lift more than 10 pounds, would have significant impairments

in attention and concentration, and would be absent from work more than four days a month due to his symptoms.

I concur with the ALJ's observation that Ms. Yanda and Dr. Wittig's RFC reports are unsupported and inconsistent with the medical evidence of record, in that they describe an extent of limitation far beyond what is indicated in plaintiff's treatment notes or elsewhere in the record, or that would be reasonably expected to flow from plaintiff's diagnoses.  In light of the dramatic contradictions between the RFC reports of Ms. Yanda and Dr. Wittig, and the other medical evidence of record, I find that the ALJ's decision to afford those opinions only limited weight was proper.  For example, although some of Ms. Yanda's and/or Dr. Wittig's assessments indicate that plaintiff cannot walk more than a block, contemporaneous treatment notes by Ms. Yanda indicate that the plaintiff "[w]alks 45 min[utes] per day for ex[ercise]" and has a normal gait, stance, (T. 218), and energy level (T. 220, 222, 225).  On July 21, 2011, plaintiff was encouraged by Ms. Yanda to walk for 30 minutes daily (T. 228), and as recently as February 6, 2013, a treating cardiologist, Dr. Syed Iqbal, advised him to engage in regular exercise as part of his treatment (T. 307).  Although the RFC reports by Ms. Yanda and Dr. Wittig indicate that plaintiff cannot lift more than ten pounds frequently, plaintiff's progress notes consistently describe him as denying weakness (e.g., T.234), and plaintiff himself reported in his application for benefits that he was limited only to lifting "no more than 20 [pounds]," as lifting more than 20 pounds would cause severe pain in his shoulder and neck (T.167).  The RFC reports also furnish no explanation for plaintiff's alleged limitations in attention and concentration, or his need to be frequently absent from work.  In fact, the July 6, 2012 RFC report by Ms. Yanda and Dr. Wittig notes that despite plaintiff being likely to "have good and bad days," there is "no way of predicting" whether plaintiff would ever be absent from work because of his impairments.  (T.

262). On the whole, plaintiff's medical records reveal a largely unremarkable longitudinal history of mild back pain and carpal tunnel syndrome, managed conservatively with prescription pain medication and muscle relaxers (T. 191). Nor are the limitations posited by Ms. Yanda and Dr. Wittig supported by any objective test results. Records of objective tests show normal cardiac function (T. 209, 267), evidence of no more than mild carpal tunnel syndrome, and no cervical or lumbar radiculopathy (nerve impingement) (T. 204). Treating physician examination notes consistently find no measurable loss of strength, flexibility or muscle tone in plaintiff's extremities, and no motor deficits. (T. 212, 218, 220, 222).

I have considered the remainder of plaintiff's claims, and find them to be without merit. Overall, I find that the record simply does not support plaintiff's claim of total disability. As such, I concur with the ALJ and conclude that there is substantial evidence to support his determination of plaintiff's residual functional capacity, as well as his finding that plaintiff is not disabled. As such, I find no reason to modify the ALJ's decision.

## CONCLUSION

The Commissioner's cross motion for judgment on the pleadings (Dkt. #15) is granted, and plaintiff's motion for judgment on the pleadings (Dkt. #10) is denied. The Commissioner's decision that plaintiff was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 2, 2016.